Zhiguisaca-Guaman v. Blanche

BIA
Laforest, IJ
A220 546 184/185/186/187

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of July, two thousand twenty-six.

PRESENT:
> MICHAEL H. PARK,
> STEVEN J. MENASHI,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

LUIS HUMBERTO ZHIGUISACA-GUAMAN, MARIA ALVAREZ-GUAMAN, D. E. Z.-A., E. M. Z.-A.,

> *Petitioners,*

> v.

TODD BLANCHE, ACTING UNITED STATES ATTORNEY GENERAL,

> *Respondent.*\*

_____

**24-631**
**NAC**

---

\* The Clerk of Court is directed to amend the caption as set forth above.

FOR PETITIONERS:          Paul B. Grotas, The Grotas Firm, P.C., New York, NY.

FOR RESPONDENT:          Brian Boynton, Principal Deputy Assistant Attorney General, Civil Division, Daniel E. Goldman, Senior Litigation Counsel, Matthew A. Spurlock, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Luis Humberto Zhiguisaca-Guaman ("Zhiguisaca"), his wife Maria Alvarez-Guaman, and their two minor children, all natives and citizens of Ecuador, seek review of a February 9, 2024, decision of the BIA affirming a December 14, 2022, decision of an Immigration Judge ("IJ") denying Zhiguisaca's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Zhiguisaca-Guaman*, Nos. A-220-546-184/185/186/187 (BIA Feb. 9, 2024), *aff'g* Nos. A-220-546-184/185/186/187 (Immigr. Ct. N.Y.C. Dec. 14, 2022).[1] We assume the parties' familiarity with the underlying facts and procedural history.

"When the BIA issues an opinion, the opinion becomes the basis for judicial review of the decision of which the alien is complaining." *Singh v. Bondi*, 139 F.4th 189, 196 (2d Cir. 2025) (quoting *Bhagtana v. Garland*, 93 F.4th 592, 593 (2d Cir. 2023)). In this case, the BIA affirmed the IJ's decision without an opinion, so "we review the IJ's decision as the final agency determination." *Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). Because Congress has specified that "the administrative findings of fact are conclusive unless any reasonable adjudicator would be

---

[1] We principally refer to Zhiguisaca because his wife and children did not file independent applications.

2

compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B), we review the agency's factual findings "under the substantial evidence standard," *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) (quoting *Shi Jie Ge v. Holder*, 588 F.3d 90, 94 (2d Cir. 2009)). "By contrast, we review legal conclusions de novo." *Singh v. Garland*, 11 F.4th 106, 113 (2d Cir. 2021).

### A.     Asylum and Withholding of Removal

To establish eligibility for asylum and withholding of removal, Zhiguisaca needed to show that he suffered past persecution or had a fear of future persecution and that a protected ground—here, membership in a particular social group—"was or will be at least one central reason" for the persecution. 8 U.S.C. § 1158(b)(1)(B)(i); *see id.* § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 109-14 (2d Cir. 2022) (explaining that the "one central reason" standard applies to withholding of removal).[2] "[P]ersecution is 'an extreme concept that does not include every sort of treatment our society regards as offensive.'" *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (quoting *Ai Feng Yuan v. DOJ*, 416 F.3d 192, 198 (2d Cir. 2005)). A showing of past persecution gives rise to a presumption of a well-founded fear of future persecution, which may be rebutted if the Department of Homeland Security establishes fundamentally changed circumstances. *See* 8 C.F.R. § 1208.13(b)(1)(i)-(ii). In such cases, the agency may still grant humanitarian asylum if the applicant suffered severe past harm or is at risk of "other serious harm" in the country of removal. *Id.* § 1208.13(b)(1)(iii).

Zhiguisaca alleged that he suffered verbal and physical abuse by his stepfather and that he feared persecution and torture by a gang that repeatedly threatened to harm him. But he does not dispute the IJ's conclusion that the gang-

---

[2] In addition to rejecting the claims on the merits, the IJ found Zhiguisaca not to be credible. We address the IJ's independently dispositive merits findings and need not consider the issue of credibility. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

3

related harm did not rise to the level of persecution, and while he argues—in the context of his CAT claim—that the gang is likely to seriously harm him, he does not challenge the IJ's conclusion that such harm would not be on account of a protected ground. Accordingly, he has "abandoned" any claim that the gang-related harm qualifies as persecution. *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (quoting *Schwapp v. Town of Avon*, 118 F.3d 106, 112 (2d Cir. 1997)). Zhiguisaca also concedes that even if he had established past persecution by his stepfather, he no longer has a well-founded fear of future persecution on that basis due to the fundamentally changed circumstance of his stepfather's death.

Instead, he argues that he is entitled to humanitarian asylum based on past persecution by his stepfather. But as the government argues, that issue is unexhausted because he never asserted that claim before the agency. *See Vera Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it."); *Ud Din v. Garland*, 72 F.4th 411, 419-20 & n.2 (2d Cir. 2023) (reiterating that the exhaustion requirement must be enforced when the government raises it).

In any event, Zhiguisaca is ineligible for humanitarian asylum, which requires past persecution on account of a protected ground. Contrary to Zhiguisaca's argument that the IJ failed to make the necessary findings, the IJ was not required to address the severity of past harm or other requirements for humanitarian asylum after finding that the abuse by his stepfather did not have the required nexus to any of his asserted protected grounds. *See* 8 C.F.R. § 1208.13(b)(1)(i); *Bagamasbad*, 429 U.S. at 25. Zhiguisaca's claim here that his stepfather abused him on account of his membership in a family-based social group is not properly before us because it was not raised before the agency. *See Ud Din*, 72 F.4th at 419-20 & n.2; *see also Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 191 (BIA 2018) ("Where an applicant raises membership in a particular social group as the enumerated ground that is the basis of her claim, she has the burden

4

to clearly indicate 'the exact delineation of any particular social group(s) to which she claims to belong.'") (quoting *Matter of A-T-*, 25 I. & N. Dec. 4, 10 (BIA 2009)).

## B.    CAT

"An alien seeking CAT relief bears the burden of proving the likelihood of future torture by or with the acquiescence of government officials." *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 592 (2d Cir. 2021); *see* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). "Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture." 8 C.F.R. § 1208.18(a)(2). In assessing the likelihood of torture, the agency considers all relevant information, including evidence of past torture and evidence that the applicants could relocate to an area of the country where they are not likely to be tortured. *See id.* § 1208.16(c)(3); *Singh*, 11 F.4th at 118.

Zhiguisaca's argument that the IJ failed to adjudicate his CAT claim is belied by the record. The IJ provided reasons for finding that Zhiguisaca did not meet his burden, and the record does not compel the conclusion that he is more likely than not to be tortured. *See Quintanilla-Mejia*, 3 F.4th at 592-93; *Hui Lin Huang v. Holder*, 677 F.3d 130, 134 (2d Cir. 2012) ("A determination of what will occur in the future and the degree of likelihood of the occurrence has been regularly regarded as fact-finding."). Zhiguisaca alleged that the gang repeatedly pressured him to join beginning in 2017 but that gang members never physically harmed him or his family before he left the country in 2021. While he alleged that the gang threatened to harm him, the gang did not act on those threats over this prolonged period, and Zhiguisaca does not identify evidence compelling the conclusion that the mistreatment would escalate if he returned. Contrary to Zhiguisaca's argument that the IJ overlooked the threats, the IJ expressly acknowledged the threats in assessing his CAT claim.

In his petition for review, Zhiguisaca does not mention his allegation that his mother was assaulted by men who came looking for him after he left Ecuador. But even if that incident established a likelihood of torture in his hometown, he

5

alleged that he had siblings in two other areas of Ecuador who had not had problems with gangs, and although he testified that he could not move because he is poor and his siblings would not help him, he did not explain why he could not find work in those areas. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (explaining that when an applicant has similarly situated family members who remain unharmed in the home country, it "cuts against her argument that she has a well-founded fear of persecution"). And while he argues that the IJ should have provided additional discussion of the country conditions evidence, he does not identify evidence that was overlooked and that would have supported a different conclusion. "[A]n applicant challenging a finding that internal relocation would avert future persecution … cannot simply point to general country-conditions evidence without showing how that evidence compels the conclusion that a person in the applicant's particular circumstances would be unable to relocate to avoid persecution." *Singh*, 11 F.4th at 116 (internal quotation marks omitted). And we "presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise." *Xiao Ji Chen v. DOJ*, 471 F.3d 315, 336 n.17 (2d Cir. 2006).

Because the failure to establish a likelihood of torture is dispositive of the CAT claim, we need not reach the IJ's additional finding that Zhiguisaca failed to establish that any torture would be by or with the acquiescence of the government. *See Bagamasbad*, 429 U.S. at 25; *Garcia-Aranda v. Garland*, 53 F.4th 752, 758-59 (2d Cir. 2022) (noting that a CAT claim requires a showing of "sufficient state action").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court